**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DEXTER LAWRENCE GRIFFIN,<br><br>    Plaintiff,<br><br>    v.<br><br>BRANDON PRICE,<br><br>    Defendant. | Case No.: 1:22-cv-00016-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF THE ACTION<br><br>(ECF No. 1) |

Plaintiff Dexter Lawrence Griffin is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Plaintiff's complaint, filed January 3, 2022.

**I.**

**SCREENING REQUIREMENT**

Notwithstanding any filing fee, the court shall dismiss a case if at any time the Court determines that the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); see Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (section 1915(e) applies to all *in forma pauperis* complaints, not just those filed by prisoners).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512

(2002); Fed. R. Civ. P. 8(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief...." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

In reviewing the *pro se* complaint, the court is to liberally construe the pleadings and accept as true all factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. "[A] complaint [that] pleads facts that are 'merely consistent with' a defendant's liability...'stops short of the line between possibility and plausibility of entitlement to relief.' " Id. (quoting Twombly, 550 U.S. at 557). Therefore, the complaint must contain sufficient factual content for the court to draw the reasonable conclusion that the defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678.

///
///
///
///

## II.
## COMPLAINT ALLEGATIONS

Plaintiff is a civil detainee presently detained as a Sexually Violent Predator ("SVP") pursuant to the Sexually Violent Predator Act, Welf. & Inst.Code, § 6600 et seq., at Coalinga State Hospital (CSH) in Coalinga, California, in the custody of California's Department of State Hospitals.

Plaintiff requests that Warden Brandon Price drop the SVP petition for lack of substantial evidence because he has Plaintiff has been in prison custody since May 1998.

## III.
## DISCUSSION

States may enact statutes that provide for the "forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety." Kansas v. Hendricks, 521 U.S. 346, 357 (1997). California's Sexually Violent Predator Act (SVPA), is codified at California Welfare & Institutions Code §§ 6600-6609.3. In Hydrick v. Hunter, 500 F.3d 978, 983 (9th Cir. 2007) ("Hydrick I"), rev'd on other grounds, 129 S. Ct. 2431 (2009), op. after remand, Hydrick v. Hunter, 669 F.3d 937 (9th Cir. 2012) ("Hydrick II"), the Ninth Circuit summarized how the SVPA works.

The SVPA defines a sexually violent predator (SVP) as a person "convicted of a sexually violent offense against two or more victims for which he or she received a determinate sentence and who has a diagnosed mental disorder that makes the person a danger to the health and safety of others" that is, is "likely [to] engage in sexually violent criminal behavior." Hydrick I, 500 F.3d at 983 (citing Cal. Welf. & Inst. Code § 6600(a)).

Each year, an SVP has a right to a show cause hearing to determine whether his commitment should be continued. Id. at 984. (citing § 6605(a)-(b)). If it is found that the SVP continues to be a danger to the health or safety of the community, the person is committed for two years from the date of the finding. Id. (citing § 6605(e)). These successive periods of commitment can be continued indefinitely, or until the SVP completes all five phases of treatment. Id. at 983-84 (citing §§ 6602-6604). Upon successful completion of Phase Five, the SVP is conditionally released under the supervision of the California Mental Health Department. Id.

Here, Plaintiff is clearly challenging his continual civil commitment under the SVPA. However, a § 1983 action is not the appropriate avenue for such a challenge. The constitutionality of state civil commitment proceedings may be challenged in federal habeas corpus once state remedies have been exhausted. See Nelson v. Sandritter, 351 F.2d 284, 285 (9th Cir. 1965). Plaintiff also attaches several exhibits to his complaint which appear to challenge the calculation of his credit earnings as applied to his sentence.[1] To the extent Plaintiff is attempting to bring such challenge, such claim is also not cognizable via section 1983. The writ of habeas corpus is the specific and exclusive instrument to obtain release from unlawful confinement. Preiser v. Rodriguez, 411 U.S. 475, 486, 500 (1973); Nettles v. Grounds, 830 F.3d 922, 929 (9th Cir. 2016). Traditionally, "[w]hether the petitioner had been placed in physical confinement by executive direction alone, or by order of a court, or even by private parties, habeas corpus was the proper means of challenging that confinement and seeking release." Preiser, 411 U.S. at 484. Consequently, the Supreme Court has repeatedly emphasized that "release from penal custody is not an available remedy under the Civil Rights Act," Preiser, 411 U.S. at 480, whereas the primary function of the writ of habeas corpus is to secure a prisoner's release from illegal custody. Id. at 484. Thus, relief lies in habeas when state prisoners "seek to invalidate the duration of their confinement—either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." Wilkinson v. Dotson, 544 U.S. 74, 81 (2005) (emphasis in original). Section 1983 remains available only for those actions that would not necessarily spell the plaintiff's immediate or speedier release or would not vitiate the legality of the duration of the plaintiff's confinement. Dotson, 544 U.S. at 81; see also Skinner v. Sweitzer, 562 U.S. 521, 535 (2011); Nettles, 830 F.3d at 930. Thus, when inmates "seek to invalidate the duration of their confinement ... through a judicial determination that necessarily implies the unlawfulness of the State's custody," the prisoners' claims may only be

---

[1] To this end, Plaintiff is advised that "a *pro se* litigant cannot simply dump a stack of exhibits on the Court and expect the Court to sift through them to determine if some nugget is buried somewhere in that mountain of papers, waiting to be unearthed and refined into a cognizable claim." Samtani v. City of Laredo, 274 F. Supp. 3d 695, 698 (S.D. Texas 2017). "The Court will not comb through attached exhibits seeking to determine whether a claim possibly could have been stated where the pleading itself does not state a claim. In short, [Plaintiff] must state a claim, not merely attach exhibits." Stewart v. Nevada, No. 2:09-CV-01063, 2011 WL 588485, at *2 (D. Nev. Feb. 9, 2011).

brought in a habeas petition. Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the opposite is not true: A civil rights complaint seeking habeas relief should be dismissed without prejudice to bringing it as a petition for writ of habeas corpus. See Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995). Accordingly, this action should be dismissed without prejudice.

## IV.

## ORDER AND RECOMMENDATION

Based on the foregoing, it is HEREBY ORDERED that the Clerk of Court is directed to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that the instant action be dismissed, without prejudice, for failure to state a cognizable claim.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 18, 2022**

UNITED STATES MAGISTRATE JUDGE